Taylor, C. J.
The material question on which the right decision of this cause depends, is, whether James Everitt took the lands claimed in the declaration, by descent or purchase; for if he took them by descent, the heirs at law on the paternal line, who are the lessors of the plaintiff, are entitled to recover. If, on the other hand, James took them by purchase, his half-brother and sisters of the maternal line, *259 under whom the defendant claims, are entitled to the inheritance.
We think it very clear that the words of the will create an estate-tail in James Everit; for, although the first clause gives a fee, yet by the second, it is narrowed and restricted to an estate tail. The rule is, that if the devisor alter the estate, and limit it in a different manner from that in which it would have descended to the heir, the heir takes by purchase; because it is then another estate, which must descend from him, as the first purchaser, to his heirs on the part of his father.
It follows, therefore, that if a person seized in fee, devised lands to his eldest son in tail, the son, though heir at law, took by purchase; for it is a different estate from that which would have descended to him. This was undoubtedly the law of England, of course of this State, when this will took effect.-Plowd. 545. b.
But it has been argued for the plaintiff, that the act of 1784, which was subsequently passed, converted this estate-tail into a fee-simple, of which James became seized by operation of law, and without any act of his own; and, therefore, that he took the fee by descent.
He took the fee by force of the act of Assembly, but certainly not by descent from his father, for that was intercepted by the devise; he took, by the operation of the act, a new estate, with different qualities and incidents from his old one, and which could not have existed but for the previous estate devised under the will. The estate-tail was the substratum on which the fee was placed, and though it has larger capacities, cannot boast a higher or more worthy origin. Whether an estate accrues by descent, or by purchase, must be decided when it first falls or is acquired. To ascertain its character by any circumstance arising ex post facto, would be inconsistent with the policy of the law, in *260 relation to heirs who are liable to pay the debts of their ancestors, in virtue of lands coming to them by descent It would involve the absurdity, that a person should take an estate by purchase, and continue to hold it a length of time without being liable as heir, during which period, all the suits against him, on the specialties of his ancestor, might be decided in his favor.—But afterwards the construction of some act of Assembly is applied to his estate—it is touched by the wand of legal magic—not only its name but all its properties are changed—time past, as well as present and future, yield to the enchantment, and the owner must pay those debts from which he has been once judicially exonerated.
To such a construction of the law we cannot yield. We believe that the estate-tail taken under the will, and the fee conferred by the act of 1784, were equally acquired by purchase, in the true sense of the word; and consequently that it descends to the brother and sisters of the half-blood of James Everitt.
Judgment for the defendant.